UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CORRETTA ANN ROSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0070-CVE-FHM |
| | ) | |
| TULSA COUNTY DISTRICT ATTORNEYS, | ) | |
| OKLAHOMA DISTRICT ATTORNEYS | ) | |
| COUNCIL, and | ) | |
| OKLAHOMA STATE DEPARTMENT OF | ) | |
| HEALTH, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Before the Court are plaintiff's complaint (Dkt. # 1) and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2). Plaintiff, appearing pro se, has filed a complaint (Dkt. # 1) alleging a claim against defendants for violating her Fourteenth Amendment Due Process rights. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

**I.**

On February 19, 2020, plaintiff filed a pro se complaint in this Court. Plaintiff claims that her injury occurred "in a therapy session at the Orthopedic Center in Tulsa, Oklahoma" on October 12, 2012. Dkt. # 1, at 5. It is difficult to decipher what injury plaintiff is referring to from her factually-limited complaint, but she states that she developed post-traumatic stress disorder, causing her to go to psychotherapy. Id. at 6. Plaintiff states that she filed a "police report" with the Tulsa

County District Attorney's office, a claim with the Oklahoma State Department of Health, and a claim with the State Board of Behavioral Health. Id. at 5. She states that Stephen Kunzweiler, an employee of the Tulsa County District Attorney's office, denied her claim ten months after she sent it. Id. Additionally, the State Department of Health allegedly denied plaintiff's complaint on January 31, 2013, four months after her "original complaint." Id. Plaintiff claims that she was contacted in 2016 by "Scott Pruitt's office . . . to testify for four [C]aucasian women that were victims of Tom Josephson." Id. She then claims that the trial date "continued to be pushed back resulting in [her] claim reaching the [four] year statute." Id. Plaintiff seeks $3,300,000 in damages. Id. at 6.

## II.

### A.

Plaintiff seeks leave to proceed in forma pauperis and the requirements of 28 U.S.C. § 1915 are applicable. See Lister v. Dep't of Treasury, 408 F.3d 1309 (10th Cir. 2005). Section 1915(e)(2) requires a district court to dismiss a case if at any time the court determines that "the action . . .(i) is frivolous or malicious [or] (ii) fails to state a claim on which relief may be granted." A court reviewing a pro se plaintiff's complaint must broadly construe the allegations of the complaint to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid

claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Bell Atlantic Corp. v.Twombly, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (quotation marks and citations omitted). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**B.**

The Court has conducted a screening of plaintiff's complaint under 28 U.S.C. § 1915 and finds that she has failed to state a claim upon which relief can be granted. To the best the Court can discern from plaintiff's limited factual allegations, something happened to plaintiff during an October 12, 2012, therapy session, and a trial date was pushed back by defendants, causing her to miss a statute of limitations period. Plaintiff cites the Fourteen Amendment Due Process Clause as grounds for her claim under 28 U.S.C. § 1983. The Due Process Clause of the United States Constitution includes two rights: (1) procedural due process, which requires a liberty or property interest; and (2) substantive due process, which protects a number of fundamental rights with which the government may not interfere. See Brown v. Montoya, 662 F.3d 1152, 1172 (10th Cir. 2011) (noting the difference between substantive and procedural due process). Assuming plaintiff is complaining that defendants caused a trial date to be pushed back, her claim is based on procedural due process. "Procedural due process imposes constraints on governmental decisions which deprive

3

individuals of liberty or property interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." Id. at 1167 (quoting Mathews v. Eldridge, 424, U.S. 319, 332 (1976)). The Tenth Circuit has held: "[T]o assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Id. (quoting Merrifield v. Bd. Of Cty. Comm'rs, 654 F.3d 1073, 1078 (10th Cir. 2011)). From the factually-limited complaint, the Court assumes that something happened to plaintiff during an October 12, 2012, therapy session, and that a trial date was pushed back by defendants, causing her to miss a statute of limitations period. However, plaintiff identifies no liberty or property interest giving rise to a procedural due process violation, nor does she state that she was not afforded the appropriate level of process. Further, plaintiff has missed by years the statute of limitations period for filing a 28 U.S.C. § 1983 claim,[1] and has identified no valid reason for tolling the statute of limitations other than that a "trial date continued [was] pushed back." Dkt. # 1, at 5. Therefore, the Court finds that plaintiff has failed to state a claim upon which relief can be granted and her claim should be dismissed.

---

[1] The statute of limitations for 28 U.S.C. § 1983 claims is borrowed from state law. Lawson v. Okmulgee Cty. Criminal Justice Auth., 726 Fed. App'x 685, 690 (10th Cir. 2018) ("Because there is no applicable federal statute of limitations relating to civil rights actions brought under section 1983, we borrow the limitations period for such claims from the state where the cause of action arose.") (internal quotation omitted) (unpublished decisions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1). The Tenth Circuit has held that a two-year statute of limitations applies under Oklahoma law. See id.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed without prejudice**, and plaintiff's motion for leave to proceed in forma pauperis (Dkt. # 2) is **moot**. A separate judgment of dismissal is entered herewith.

**DATED** this 21st day of February, 2020.

                                              */s/ Claire V. Eagan*
                                              CLAIRE V. EAGAN
                                              UNITED STATES DISTRICT JUDGE